**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES M. ROHNER, Petitioner, vs. STATE OF CALIFORNIA, et al. Respondents. | Civil No. 08-0030 H (RBB) **SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, James M. Rohner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 but has not filed a request to proceed in forma pauperis and has not paid the $5.00 filing fee. The Court does not rule on Petitioner's request to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his June 6, 1995 conviction in San Diego Superior Court case No. SCD109921. On January 26, 2001, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 01cv0150 in which Petitioner challenged his conviction in San Diego Superior Court case No. SCD109921 as well. On March 27, 2002, this Court denied the petition as time barred.

Although in the current federal petition Petitioner seeks to challenge his conviction on the grounds that *Cunningham v. California*, 549 U.S. __, 127 S. Ct. 856 (2007), which was not decided when Petitioner filed his first federal petition, the instant case is nevertheless successive because the Supreme Court has not specifically made *Cunningham* retroactive on collateral review. *See Tyler v. Cain,* 533 U.S. 656 (2001) (holding that a petition is not successive if it relies upon a new rule of constitutional law made retroactive by the Supreme Court.); *see also* 28 U.S.C. § 2244(b); *Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)); *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C. D. Cal. 2003) (same).

Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2254.**

**IT IS SO ORDERED.**

DATED: January 8, 2008

Marilyn L. Huff
United States District Judge